No. 20-7114

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

RAMONA MATOS RODRIGUEZ, *et al.*,

*Plaintiffs-Appellees*,

v.

PAN-AMERICAN HEALTH ORGANIZATION,

*Defendant-Appellant*,

JOAQUIN MOLINA, *et al.*,

*Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MOTION OF WORLD HEALTH ORGANIZATION FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANT'S PETITION FOR PANEL REHEARING, AND FOR INVITATION TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING EN BANC**

Catherine Amirfar
Natalie L. Reid
Carl Micarelli
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone (212) 909-6000

*Counsel to Amicus Curiae*
*World Health Organization*

The World Health Organization ("WHO") respectfully (1) moves pursuant to Fed. R. App. P. 29(b)(3) for leave to file a brief as *amicus curiae* in support of Appellant's Petition for Rehearing (the "Petition") to the extent the Petition seeks panel rehearing, and (2) requests an invitation from the Court pursuant to Circuit Rule 35(f) to file a brief as *amicus curiae* in support of the Petition to the extent the Petition seeks rehearing en banc.  In submitting this motion and the accompanying brief, WHO reserves, and does not waive, its immunities from litigation.

## INTRODUCTION AND BACKGROUND

WHO, founded in 1948, is a specialized agency of the United Nations that acts as the directing and coordinating authority on international health, with the objective of the attainment of the highest possible level of health by all peoples. Appellant Pan-American Health Organization ("PAHO") serves as WHO's Regional Office for the Americas.  In this case, PAHO invoked the immunity of WHO under the Constitution of the World Health Organization, T.I.A.S. No. 1808, 62 Stat. 2679 (1946) (the "WHO Constitution").  The decision of the Panel in this case, however, held that immunities under the WHO Constitution are not enforceable in U.S. courts—whether by PAHO or by WHO itself.  WHO requests an opportunity to submit a brief in support of rehearing because the Panel's decision undermines WHO's immunities not only in the United States but potentially also in other countries.  WHO's participation will assist the court,

because WHO can speak authoritatively to the drafting history of its founding documents and the manner of their incorporation in U.S. law, and thereby correct certain misimpressions reflected in the Panel's opinion. These matters are directly relevant to the disposition of PAHO's Petition for Rehearing. *See* Fed. R. App. P. 29(a)(3), (b)(3).

**ARGUMENT**

**I.      The Panel Decision Directly and Adversely Affects WHO's Interests.**

WHO unmistakably has a direct interest in this litigation because the Panel's decision construed WHO's privileges and immunities adversely to WHO. Under the WHO Constitution, the 194 Member States—including the United States—have conferred on WHO the privileges and immunities necessary for WHO to perform its work as the specialized health agency of the United Nations. During the creation of WHO, in which the United States played a leading role, the participating countries deliberately chose to confer these privileges and immunities upon WHO to ensure that it could fulfill its critical mission independently under the supervision of the World Health Assembly, without being subject to jurisdiction in any single country.

Organizational immunity is vital to WHO's functions and protects its ability to act nimbly and on a global basis, including to meet global health crises like the current COVID-19 pandemic. WHO's Constitution confers privileges and

2

immunities on WHO not only in the United States, but also in the territories of 193 other countries that are members of WHO. In fulfillment of WHO's public health mandate, over 7,000 WHO personnel work at the WHO Headquarters in Geneva, Switzerland; in WHO's 150 Country Offices; and in its six Regional Offices, including PAHO. The Panel's interpretation of WHO's privileges and immunities under its Constitution risks interference with WHO's operations throughout the world.

The COVID-19 pandemic has been a forceful reminder of the critical importance of these immunities. WHO's response to this global public health emergency requires coordination and consultation among myriad international, regional, and national authorities, public health officials, scientists, and other stakeholders in every jurisdiction. WHO could not function in these circumstances without the protection granted by its Constitution: the pandemic has brought a torrent of frivolous claims against WHO,[1] which in the absence of enforced

---

1 *See, e.g.*, *Kling v. WHO*, 532 F. Supp. 3d 141, 147–48 (S.D.N.Y. 2021) (dismissing, on IOIA immunity grounds, claims that WHO is responsible for the COVID-19 pandemic); *Hunt, Jr. v. CDC*, No. 2:21-cv-13558-JMV-AME (D.N.J. filed July 15, 2021) (*pro se* plaintiff, naming WHO as defendant); *Fontana v. Biden*, No. 2:21-cv-01145 (E.D. La. filed June 13, 2021) (same); *Gilberti v. The Pentagon*, No. 1:21-cv-00680-LO-TCB (E.D. Va. filed June 4, 2021) (same); *Gilberti Jr. v. CDC*, No. 2:21-cv-00319 (M.D. Fla. filed Apr. 19, 2021) (same); *Swint v. WHO*, No. 3:21-cv-00665-AWT (D. Conn. filed May 13, 2021) (same); *Swint v. Zanders Papeire*, No. 1:21-cv-01017-DAP (N.D. Ohio filed May 13, 2021) (same); *Ballering v. WHO*, No. 1:20-cv-00585-LEK-KJM (D. Haw. filed Dec. 31, 2020) (same); *Ballering v. WHO*, No. 2:20-cv-

3

immunities would impose an untenable burden on WHO's already strained resources. But the Panel's decision unwittingly invites such litigation by weakening the immunity to which WHO is entitled. WHO therefore respectfully seeks an opportunity to be heard with respect to the source, nature and extent of its privileges and immunities.

## II. WHO's Amicus Brief Will Assist the Court and Is Directly Relevant to the Issues on the Petition for Rehearing.

WHO's participation will be desirable in assisting the Court with the adjudication of PAHO's Petition for Rehearing. WHO can speak authoritatively to the drafting history of the WHO Constitution's provisions on immunities, including developments by the time both houses of the U.S. Congress considered and authorized the President to accede to the United States' membership in WHO.

In focusing on whether the WHO Constitution is a self-executing treaty, the Panel misapprehended the significance of the manner in which the WHO Constitution was adopted by the United States—by a statute under Article I of the U.S. Constitution (a so-called "*ex post* congressional-executive agreement"), and not as a treaty under Article II. Furthermore, in failing to confer immunity from

---

19973-MCA-LDW (D.N.J. filed Dec. 18, 2020) (same); *Ballering v. WHO*, No. 3:20-cv-02209-IM (D. Or. filed Dec. 17, 2020) (same); *Gilberti Jr. v. CDC*, No. 2:20-cv-08251-FMO-PVC (C.D. Cal. filed Sept. 8, 2020) (same); *Toks Banc Corp v. United Nations*, No. 3:20-cv-00393-HEH (E.D. Va. filed June 1, 2020) (same).

4

every form of legal process under the WHO Constitution, the Panel overlooked the context and purpose of the immunity granted by the WHO Constitution. That immunity was designed to guarantee that WHO could function as an independent global body under the supervision of the World Health Assembly, and not be subject to litigation or other interference under the laws of each of its Member States. These issues, which are discussed at length in the accompanying amicus brief, are at the core of the issues raised in the Petition for Rehearing and should be dispositive of the litigation.

## CONCLUSION

Accordingly, WHO respectfully requests that the Court grant WHO leave to submit the accompanying amicus brief in support of panel rehearing, and invite WHO to submit the same brief in support of rehearing en banc.

Dated: April 28, 2022

Respectfully submitted,

*/s/ Catherine Amirfar*
Catherine Amirfar
Natalie L. Reid
Carl Micarelli
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone (212) 909-6000

*Counsel to Amicus Curiae*
*World Health Organization*

5

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 27(a)(2)(B), this document contains 1,091 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman.

Dated: April 28, 2022

*/s/ Catherine Amirfar*
Catherine Amirfar

## CERTIFICATE OF SERVICE

On April 28, 2022, I caused this motion to be filed with the Court using the appellate CM/ECF system. Counsel for all parties are registered users of the CM/ECF system and will be served by that system.

Dated: April 28, 2022

*/s/ Catherine Amirfar*
Catherine Amirfar

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

**A.     Parties and Amici**

Except for the following, all parties, intervenors, and amici appearing before the district court and in this Court are listed in the Opening Brief of the Pan American Health Organization dated May 7, 2021, and the Reply Brief of the Pan American Health Organization dated August 31, 2021:

*World Health Organization*, amicus curiae.

**B.     Rulings Under Review**

References to the rulings at issue appear in the Opening Brief of the Pan American Health Organization dated May 7, 2021.

**C.     Related Cases**

Counsel are unaware of prior appeals before this Court or related cases currently pending in this Court or any other court.

## DISCLOSURE STATEMENT

The World Health Organization is a specialized agency of the United Nations whose purpose is to promote and protect the health of all peoples. Because WHO is an international organization whose members are states, it does not believe that Fed. R. App. P. 26.1 and Circuit Rule 26.1 apply to it. If those rules are nonetheless deemed applicable, WHO states that it has no parent company or company with a 10% or greater ownership interest.